**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RODOLFO ATILIO UMANA,<br><br>*Petitioner*,<br><br>v.<br><br>WARDEN *et al.*,<br><br>*Respondents*. | Civil Action No. 26-10514<br><br>**OPINION**<br><br>September 29, 2026 |

**THIS MATTER** comes before the Court upon the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 of Petitioner Rodolfo Atilio Umana ("Petitioner"), challenging his immigration detention. (ECF No. 1.) For the reasons that follow, the Petition is **GRANTED**.

## I. BACKGROUND AND PROCEDURAL HISTORY

On August 12, 2026, ICE issued Petitioner a Notice and Order of Expedited Removal pursuant to 8 U.S.C. § 1225(b)(1). (ECF No. 5 at 1.) Respondents thereafter maintained that Petitioner was subject to mandatory detention under § 1225(b)(1)(B)(iii)(IV), or alternatively under 8 U.S.C. § 1231(a). (*Id.*)

On August 18, 2026, Petitioner filed this Petition (ECF No. 1) and moved for emergency relief. (ECF No. 2.) The Court that same day enjoined Respondents from transferring Petitioner from New Jersey pending further Order of the Court. (ECF No. 3.)

On August 28, 2026, after reviewing the Petition, Respondents' Answer, and documents submitted by Petitioner, the Court directed Respondents to address the factual and statutory basis

for Petitioner's placement in expedited removal and the applicability of § 1231(a). (ECF No. 7.) The Court noted that Respondents had represented that Petitioner's date and location of entry were "unknown," (*see* ECF No. 5 at 1) while Petitioner had submitted evidence, including tax filings dating to at least 2020, that appeared to establish his presence in the United States years before his August 2026 apprehension (*see* ECF No. 6). (ECF No. 7.) The Court therefore directed Respondents to explain how Petitioner fell within the class of noncitizens subject to expedited removal under § 1225(b)(1) and why the administrative finality of the expedited-removal order, standing alone, established detention authority where the statutory predicate for expedited removal was disputed. (*Id.*)

Respondents subsequently advised the Court that ICE had reviewed Petitioner's submissions and "intends to withdraw Petitioner's Notice and Order of Expedited Removal and instead issue Petitioner a Notice to Appear." (ECF No. 8 at 1.) Respondents further contend that Petitioner is now detained under § 1226(a) and that the appropriate remedy for his prior detention without a bond hearing is a bond hearing pursuant to that provision. (*Id.* at 2.)

## II. LEGAL STANDARD

District courts have jurisdiction under 28 U.S.C. § 2241 to hear claims that an immigration detainee is "in custody in violation of the Constitution or laws or treaties of the United States." § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 439 (3d Cir. 2021); *Tuser E. v. Rodriguez*, 370 F. Supp. 3d 435, 440 (D.N.J. 2019). Petitioners have the burden to demonstrate that their detention violates the Constitution or federal law. *See* § 2241(c)(3); § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

Section 1225(b)(1) provides for expedited removal of certain inadmissible noncitizens and,

in the credible-fear context, expressly requires detention pending a final determination of credible fear and, if the noncitizen is found not to have such a fear, until removal. 8 U.S.C. § 1225(b)(1)(B)(iii)(IV). Section 1231(a), in turn, governs the detention and removal of noncitizens who have been ordered removed, providing that, during the statutory removal period, the Attorney General "shall detain" the noncitizen. § 1231(a)(1)(A), (2)(A). Section 1226(a), by contrast, governs the arrest and detention of a noncitizen pending a decision on whether the noncitizen is to be removed and provides that, "[o]n a warrant issued by the Attorney General," the noncitizen may be arrested and detained pending that decision. § 1226(a).

As Petitioner was detained in New Jersey at the time he filed his Petition and challenges the legality of that detention on federal constitutional and statutory grounds, this Court has jurisdiction to consider his claims.

## III. **DISCUSSION**

At the time the Petition was filed, Respondents represented that Petitioner was subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(1) based upon an August 12, 2026 expedited-removal order. (ECF No. 5 at 1.) After the Court directed Respondents to address the statutory and factual basis for Petitioner's placement in expedited removal, (ECF No. 7), Respondents advised the Court that Immigration and Customs Enforcement ("ICE") intends to withdraw the expedited-removal order and instead issue Petitioner a Notice to Appear (ECF No. 8 at 2-3.) Respondents now contend that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and request that the Court order a bond hearing rather than release him. (*Id.* at 2.)

Thus, the statutory basis for Petitioner's detention has materially changed. Respondents no longer maintain that the August 12, 2026 expedited-removal order supplies a continuing basis for Petitioner's detention. (ECF No. 8.) To the contrary, Respondents represent that ICE intends

to withdraw that order after reviewing evidence submitted by Petitioner concerning the duration of his presence in the United States. (*Id.* at 2.) Respondents therefore cannot continue to rely upon that expedited-removal order as the basis for detention under § 1225(b)(1).

The Third Circuit's recent decision in *Buele Morocho v. Warden Philadelphia FDC*, No. 26-1150, 2026 WL 2546223 (3d Cir. Aug. 28, 2026), reinforces the importance of identifying the statutory provision that actually authorizes a noncitizen's detention. There, the Court held that § 1225(b)(2)(A) did not authorize the detention of noncitizens who had entered and resided in the United States and were not presently seeking admission. *Id.* at *7–10. The Court further held that, under the circumstances presented, detention without a bond hearing violated the Due Process Clause. *Id.*

The narrower question here, then, is whether Respondents have established a lawful basis for Petitioner's present detention. They have not.

Respondents state that Petitioner "is now detained under 8 U.S.C. § 1226(a)," but the substance of their submission indicates that the Government has not yet completed the steps upon which that assertion depends. (ECF No. 8 at 2.) Specifically, Respondents state that ICE "intends to withdraw" the expedited removal order and "instead issue Petitioner a Notice to Appear." (*Id.* at 1-2.) Respondents identify no § 1226(a) warrant and do not otherwise identify a presently operative instrument or circumstance establishing that Petitioner has already been placed into custody pursuant to § 1226(a). Thus, the record establishes only that the Government intends to proceed under § 1226(a), not that § 1226(a) presently supplies the authority for Petitioner's continued physical detention.

The distinction is significant. The Government's authority to initiate a lawful detention under one statutory provision at a future time does not itself establish present authority to continue

detention under that provision. Nor may the Court simply assume that the requirements of § 1226(a) have been satisfied where Respondents have not identified the basis upon which Petitioner is presently detained.

Respondents rely upon *Boumediene v. Bush*, 553 U.S. 723 (2008), and several decisions from this District for the proposition that a bond hearing, rather than release, may constitute an appropriate remedy when a petitioner is subject to § 1226(a). That proposition is not disputed. Where § 1226(a) actually governs a petitioner's detention, the provision contemplates detention pending a decision on removal, subject to the statutory procedures governing release and bond. *See* 8 U.S.C. § 1226(a); *Borbot v. Warden Hudson County Corr. Facility*, 906 F.3d 274, 278–79 (3d Cir. 2018).

But the premise of Respondents' argument—that Petitioner is presently detained under § 1226(a)—has not been established on this record. A bond hearing presupposes a detention lawfully authorized by the statute under which the hearing is ordered.

Under these circumstances, "Petitioner's arrest and detention were blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediately release him and enjoin the Government from further similar transgressions." *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019) ("[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained[.]" *Id*. at 366.)) The Court declines to allow *post hoc* justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. *See*, *e.g*., Lopez-Campos v. Raycraft, 797 F. Supp. 3d 771, 782(E.D. Mich. 2025) (citing cases)

("The Court cannot credit this new position that was adopted post-hoc, despite clear indication that Lopez-Campos was not detained under this provision."); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis for . . . detention, which was adopted post hoc and raised for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "post hoc justifications for detention"); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an administrative agency's decision, a court is generally not seeking some hypothetical rational support for the agency's action. A court must review the agency's actual on-the-record reasoning process . . . not a *post hoc* rationalization, or agency counsel's in-court reasoning.") The Court therefore declines to treat the Government's anticipated future proceedings under § 1226(a) as a present source of detention authority.

Accordingly, Petitioner is entitled to habeas relief. The only appropriate remedy on the present record is immediate release.

## IV. CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus is **GRANTED**. Respondents shall release Petitioner forthwith. An appropriate Order follows.

*/s/ Jamel K. Semper*

**HON. JAMEL K. SEMPER**
**United States District Judge**